# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MICHAEL HANSON,

                Plaintiff,

    v.

TOWN OF EAST LYME, ET AL.

                Defendants.

Civ. No. 3:19-cv-01856-CSH

**January 29, 2021**

# RULING ON
# PLAINTIFF MICHAEL HANSON'S MOTION TO AMEND COMPLAINT

**HAIGHT, Senior District Judge:**

Plaintiff Michael Hanson ("Hanson"), proceeding *pro se*, moves this Court [Doc. 15] to amend his Complaint [Doc. 1], pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.[1]  In his motion, Hanson proposes to identify Defendants John Doe and Jane Doe, officers of the East Lyme Police Department, as "First Name Unknown (FNU) Hull" and "First Name Unknown (FNU) Santello."  *See* Mot. at 1.  Hanson also requests that this Court "renew/reinstate any/all claims related to" Officers Hull and Santello.  *Id.* at 1, 3.  For the reasons set forth below, Hanson's motion is GRANTED IN PART, insofar as he is permitted to amend his Complaint to reflect the identities of Officers Hull and Santello, and is DENIED IN PART, insofar as Hanson seeks the Court's leave to replead his due process claim against Officers Hull and Santello.  Furthermore, the Court ORDERS Hanson to amend his pleading in

---

[1] While not set forth by Hanson as the basis for his motion, Rule 15(a)(2) is the correct procedural vehicle by which he may petition this Court.  *See* Fed. R. Civ. P. 15(a).

all respects to accurately reflect both the Defendants against whom he has been permitted to proceed by prior order of this Court and the particular claims being brought against them.

## Background

For the benefit of all Parties, and to aid prompt amendment of the Complaint, the Court reviews the events that have transpired in this case to date.

In November 2019, Hanson filed a Complaint with this Court alleging claims against certain officers of the East Lyme Police Department and against two private citizens, stemming from Hanson's removal from the private citizens' home during the early morning hours of June 27, 2019, and from his subsequently being denied access to property stored on a sailboat—the Morning Star—in Niantic harbor. *See generally* Compl. ¶¶ IV.1-IV.28. The Complaint alleges, *inter alia*, that:

- Kendra Alling ("Alling") and Pamela St. John ("St. John") converted or conspired to convert various items of Hanson's personal property that had been stored on the Morning Star. Compl. ¶ III.12. The Complaint further alleges that Alling breached contracts between Alling and Hanson by failing to transfer ownership of the Morning Star and a rigid-hulled inflatable boat to Hanson. Compl. ¶¶ III.8, III.10.[2]

- Officers John Doe and Jane Doe subjected Hanson to an unreasonable search and seizure, and deprived him of due process, by preventing him from gaining access to the Morning Star (which Hanson claims was his residence at the time of his removal) and the personal effects he had stored there. Compl. ¶¶ III.5-III.7.

---

[2] In the alternative to his claim for breach of contract regarding Alling's failure to transfer the Morning Star to him, Hanson claims that Alling converted the Yoela, a sailboat previously utilized by Hanson. Compl. ¶ III.9.

- Sergeant Bruce Babcock ("Sergeant Babcock") retaliated against Hanson's exercise of his First Amendment free speech right "by refusing to investigate and/or arrest [Alling] and [St. John] for stealing [Hanson's] property . . . because Plaintiff had previously engaged in a protected activity,"[3] as well as denied Hanson equal protection of the laws "by refusing to investigate and/or arrest [Alling] and/or [St. John] for converting/stealing [Hanson's] property, despite the existence of overwhelming evidence that said crime had been committed by [them]."  Compl. ¶¶ III.3-III.4.

The Complaint contains additional claims that the East Lyme Police Department ("ELPD") is liable for the harms Hanson allegedly suffered because ELPD failed to properly train or supervise its officers; and that the Town of East Lyme (the "Town") is liable on the same basis.  Compl. ¶¶ III.1-III.2.[4]

Because Hanson moved to proceed *in forma pauperis*, *see* Doc. 2, the Court referred the case to Magistrate Judge Merriam for a determination as to Hanson's *in forma pauperis* status and for a review of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  *See* Docs. 5-6. Judge Merriam granted Hanson leave to proceed *in forma pauperis*, *see* Doc. 7, and subsequently entered a Recommended Ruling (the "R&R") on Hanson's claims, *see* Doc. 8.  In the R&R,

---

[3] The protected activity in question is so-called "First Amendment auditing," which Hanson represents is "a form of civil rights activism" where individuals "film[] public officials in the course of their official duties and film[] areas that are open to the general public [,] assert their right to do so whenever confronted by law enforcement officers for doing so, and then post the videos of this activity on . . . YouTube (generally) for news, educational, entertainment, and/or political purposes."  *See* Compl. ¶¶ IV.2-IV.4.

[4] Hanson's Complaint did not cite a statutory vehicle for any of his claims against Officers John Doe and Jane Doe, Sergeant Babcock, ELPD, or the Town, but the Court has presumed that these would be pursuant to 42 U.S.C. § 1983.  *See* R. & R. [Doc. 8] at 1; Ruling on Pl.'s Obj. to R. & R. [Doc. 13] at 1-2.

3

Judge Merriam concluded that the claims brought against Sergeant Babcock could proceed to service. R. & R. at 4. However, as to the other Defendants, Judge Merriam recommended that:

- ELPD should be dismissed *with* prejudice, because under Section 1983 "the municipality itself, not the agency or instrumentality of the municipality such as the Police Department, is the proper legal entity subject to suit . . . ." *Id.* at 4 (quotation marks and citations omitted).

- The Town should be dismissed *without* prejudice, because although a municipality may be sued under Section 1983 for its actions (e.g., customs, policies, or practices that cause harm), Hanson's Complaint contains only threadbare and conclusory allegations regarding the Town's purported failure to train or supervise police officers it employs. *Id.* at 5-6.

- The due process claim against Officers John Doe and Jane Doe should be dismissed *without* prejudice, because Hanson's limited factual allegations regarding the officers are insufficient to state a claim for a violation of his due process rights. *Id.* at 6-8. However, the Fourth Amendment claim against Officers John Doe and Jane Doe could proceed to service, if Hanson could timely identify them and promptly alert the Court. *Id.* at 8-9.

- Alling and St. John should be dismissed, *without* prejudice to the claims raised against them being refiled in Connecticut Superior Court, because "the nature of the [state law] claims and the facts relevant to proof of those claims are vastly different" from those of the federal law claims raised against Sergeant Babcock, Officers John Doe and Jane Doe, and (if properly amended) the Town. *Id.* at 11-12.

4

Hanson timely objected to the R&R. *See* Doc. 9. While that objection was pending, Hanson filed an "emergency" motion, *inter alia*, to withdraw the state law claims asserted against Alling and St. John. *See* Doc. 10. Having reviewed Judge Merriam's recommendations *de novo*, Fed. R. Civ. P. 72(b)(3), I affirmed and adopted all Judge Merriam's recommendations regarding Sergeant Babcock, Officers John Doe and Jane Doe, the Town, and ELPD, finding Hanson's objections to Judge Merriam's recommendations not to be well-founded. Ruling on Pl.'s Obj. to R. & R. at 3-5. However, Hanson's request to withdraw the claims against Alling and St. John for prosecution in Connecticut Superior Court was granted. *Id.* at 2, 5. At the present time, therefore, the only *non*-dismissed Defendants in this case are Sergeant Babcock (for the equal protection and First Amendment retaliation claims raised in the Complaint) and Officers John Doe and Jane Doe (for the Fourth Amendment claim raised in the Complaint).

In his present motion, Hanson proposes to identify Officer John Doe as "First Name Unknown (FNU) Hull," and Officer Jane Doe as "First Name Unknown (FNU) Santello." *See* Mot. at 1; Compl. ¶¶ 1.B.4-1.B.5. Hanson states that he established the partial identities of the officers by way of a phone call to ELPD, wherein ELPD's records personnel "verified" the names from an incident report dated June 28, 2019 at 5:43 A.M. Mot. at 2.[5] Hanson also requests that the Court "renew/reinstate any/all claims related to" the two officers. *Id.* at 1, 3. Apparently in support of this request—which the Court infers relates to the dismissed due process claim against the officers—Hanson includes two paragraphs regarding the officer's actions. Hanson first states that "[Officers] Hull and Santello . . . dispossessed Plaintiff of his

---

[5] The Court notes a discrepancy between the date and time of the incident report and the date and time of the events pleaded in the Complaint. *Compare* Mot. at 2 ("06/28/2019 at 5:43 am"), *with* Compl. ¶ IV.14 ("On June 27, 2019, at approximately 6:00 AM . . ."). The Court's concern in this regard is tempered, however, by Hanson's representation of the location of the incident report (20 Round Rock Road, in Niantic), which appears to be the same as the address given for Alling and St. John in the Complaint. *Compare* Mot. at 2, *with* Compl. ¶¶ I.B.6-I.B.7.

property under color of law, without due process of law, and in contravention of clearly established law . . . ."  Mot. at 1-2.  Hanson next states that "[Officers] Hull and Santello both knew unequivocally at the time they trespassed Plaintiff from Morning Star that Plaintiff: [a)] had a legitimate, verifiable claim to ownership of the vessel, which they explicitly refused to consider; [b)] had almost all of his physical possessions stored on the vessel; and [c)] was temporarily domiciled on the vessel."  Mot. at 2.  No other allegations regarding Officers Hull and Santello are made in Hanson's current motion.

## Discussion

Rule 15(a) of the Federal Rules of Civil Procedure governs the pre-trial amendment of pleadings.  As relevant here, Rule 15(a)(2) provides that, once twenty-one days have elapsed after service of the initial complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The remaining Defendants in this action have yet to be served, and therefore cannot be said to having consented to Hanson's proposed amendment. Consequently, the Rule requires this Court's leave for any amendment of Hanson's Complaint to occur.

Rule 15(a) directs the Court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court elaborated on the liberal mandate of Rule 15(a): "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , futility of amendment, etc. – the leave sought [to amend] should, as the rules require, be 'freely given.'" 371 U.S. at 182.  Furthermore, the Court liberally construes documents filed by litigants

proceeding *pro* se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Palmer v. Fannie Mae*, 755 Fed. App'x 43, 46 (2d Cir. 2018) (Rule 15(a)'s "relaxed standard applies with particular force to *pro se* litigants") (quoting and citing *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999)).

In the case at the bar, the Court concludes Hanson should be permitted to amend his Complaint to identify Officers John Doe and Jane Doe as Officers Hull and Santello. Hanson has done what the R&R instructed him to do for the Fourth Amendment claim against those officers to proceed—*see* R. & R. at 9, 15—and he further has acted with reasonable dispatch, having called ELPD for information regarding the officers' identities and reported the results to the Court within a month of the date of the Court's adoption of the R&R, *see* Mot. at 4. Accordingly, Hanson's motion is granted in part, to allow him to amend the Complaint with respect to the officers' identities.

Hanson's request that the Court "renew/reinstate any/all claims related to" Officers Hull and Santello, however, will not be granted at this time. At bottom, the two allegations Hanson makes in his present motion regarding Officers Hull and Santello fail to address the deficiency previously identified by the Court: namely, that the Complaint does not plead enough factual matter that the Court permissibly may assume true and from which it plausibly can deduce a cause of action for Hanson's being deprived of due process. R. & R. at 6-7. Hanson's allegation that the officers deprived him of property without due process and contrary to existing law is largely conclusory, in that it assumes as true the legal conclusion that Hanson's due process rights were violated by Officers Hull and Santello and states it as a "fact." This plainly is not the kind of statement that can be credited by the Court under controlling precedent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of

the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted).  Meanwhile, Hanson's allegation regarding the officer's knowledge of his relationship to the Morning Star and the property therein, like the other facts already in the Complaint, only is consistent with the possibility that Hanson may have suffered a due process violation, and thus is insufficient to support an inference that Hanson possesses a viable claim. *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (citation and quotation marks omitted).

The Court has inferred that Hanson's due process claim is one regarding procedural due process in respect of his being deprived of his alleged property. R. & R. at 7-8.  "In a [Section] 1983 suit brought to enforce procedural due process rights, a court must first determine whether a property interest is implicated, and then, if it is, determine what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 931 F.3d 66, 80 (2d Cir. 2019).  In many contexts, due process "'requires an opportunity for some kind of a hearing *prior* to the deprivation of a significant property interest.' . . . However, it is generally 'sufficient, where only property rights are concerned, that there is at some stage an opportunity for a hearing and a judicial determination.'" *Chunn v.* Amtrak, 916 F. 3d 204, 207 (2d Cir. 2019) (quoting and citing *Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299, 303 (1981)). Indeed, it is the rule that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).   The present allegation regarding the

8

officers' knowledge at the time of Hanson's removal from Alling and St. John's residence speaks (at best) tangentially to these matters.  If Hanson is to proceed with a procedural due process claim against Officers Hull and Santello, he must plead facts addressing the distinct nature of such a claim, as outlined by the foregoing precedents (among others).  In view of Hanson's *pro se* status and the sometimes subtle nature of pleading claims arising from the Fourteenth Amendment, however, the Court is not prepared to say at this time that a further attempt by Hanson to raise a due process claim would be entirely futile.  Thus, the Court's denial of Hanson's current request is without prejudice.  However, the Court's decision is with the caveat that any future motion in this regard will be subject to greater scrutiny.[6]

### Conclusion and Orders

For the reasons set forth above, Hanson's motion to amend his Complaint is GRANTED IN PART and DENIED IN PART.

Hanson may file an Amended Complaint consistent with this Ruling, on or before **February 19, 2021**.  In the Amended Complaint, Hanson should remove all references to Officers John Doe and Jane Doe and replace them—as appropriate—with references to Officers Hull and Santello.  Hanson furthermore shall amend the caption for this case and the substance of his pleading to reflect that ELPD, the Town, Alling, and St. John no longer are parties to this action, and that the procedural due process claim against Officers Hull and Santello remains dismissed.

---

[6] Indeed, the Court has taken judicial notice that the day after he allegedly was instructed by Officers Hull and Santello not to enter the Morning Star, Hanson filed a certified lockout complaint and application for temporary injunction in Connecticut Superior Court against Alling, suggesting Hanson may have had an adequate procedural remedy for the deprivation of property he alleges he suffered.  R. & R. at 8.

The Clerk of Court is directed to amend the docket for this case, insofar as the Clerk has not done so already, to reflect that ELPD, the Town, Alling, and St. John have been dismissed. The Clerk furthermore is instructed to identify "Officer John Doe" as "First Name Unknown (FNU) Hull," and to identify "Officer Jane Doe" as "First Name Unknown (FNU) Santello." Finally, upon receipt of Hanson's Amended Complaint, the Clerk shall mail the appropriate service forms to Hanson for completion.

It is SO ORDERED.

Dated:          January 29, 2021
                New Haven, CT


                                              _s/ Charles S. Haight, Jr._____
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge